IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

        Plaintiff,                  No. 2:12-cv-2406 EFB P

    vs.

AQUINO, et al.,

        Defendants.          <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**      **Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 5.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II.      Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not state a cognizable claim.  Thus, to proceed plaintiff must file an amended complaint.

1    The complaint names as defendants Officer Aquino, Officer Rainey, and Warden Barnes.

2    The complaint's "Statement of Claim" consists of the following:

3         When correctional officers Aquino, Rainey worked in High Desert State Prison
          administrative segregation unit, I was always denied a shower due to my
4         disability because I have to have a shower chair, waist chains due to the fact I use
          a cane and also have an aircast on my R. foot due to an injury on 7-17-02.  These
5         two officers always told me to bird bath.  I tried to explain due to my disability I
          couldn't stand on my R. foot as I thought Sgt. K. Hardel circumvent the appeals
6         process by stating false facts.  These two correctional officers discriminated
          against me due to my disability on several times since I've been in the
7         administrative segregation unit.

8    Dckt. No. 1, § IV.  Plaintiff requests monetary damages and injunctive relief "to prohibit

9    retaliation and any and all relief deemed fair."  *Id.* § V.

10        The allegations in the complaint are too vague and conclusory to state a cognizable claim

11   for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give

12   fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community*

13   *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

14   degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.

15   Because plaintiff fails to plausibly state a claim for relief, the complaint must be dismissed.  The

16   court will, however, grant leave to file an amended complaint.

17        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

18   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

19   the alleged violation was committed by a person acting under the color of state law.  *West v.*

20   *Atkins*, 487 U.S. 42, 48 (1988).   Although plaintiff purports to bring an action pursuant to §

21   1983, he does not allege that a federal right was violated.

22        An individual defendant is not liable on a civil rights claim unless the facts establish the

23   defendant's personal involvement in the constitutional deprivation or a causal connection

24   between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See*

25   *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

26   Cir. 1978).

1    Here, plaintiff names Warden Barnes as a defendant but includes no allegations against

2    him.  Plaintiff may not sue any official on the theory that the official is liable for the

3    unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

4    (2009).  Rather, a plaintiff must plead that each defendant, through his own individual actions,

5    has violated the Constitution.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

6    claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

7    2009).

8    The Eighth Amendment protects prisoners from inhumane methods of punishment and

9    from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

10   2006).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

11   clothing, sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th

12   Cir. 2000).  Extreme deprivations are required to make out a conditions of confinement claim,

13   and only those deprivations denying the minimal civilized measure of life's necessities are

14   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

15   503 U.S. 1, 9 (1992).  To succeed on such a claim, a prisoner must show that (1) the defendant's

16   conduct deprived him of the minimal civilized measure of life's necessities and (2) that the

17   defendant acted with deliberate indifference to the prisoner's health or safety.  *Farmer v.*

18   *Brennan*, 511 U.S. 825, 834 (1994).  That is, the defendant must have known that the inmate

19   faced a substantial risk of serious harm, and must have also disregarded that risk by failing to

20   take reasonable measures to abate it.  *Id.* at 847.

21   To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

22   plaintiff must establish that he had a serious medical need and that the defendant's response to

23   that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

24   *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need is one that significantly

25   affects an individual's daily activities, an injury or condition a reasonable doctor or patient

26   would find worthy of comment or treatment, or the existence of chronic and substantial pain.

*See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981.

In order to state a claim that a public program or service violated Title II of the Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities).   Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Here, the complaint does not include facts demonstrating that any defendant acted with deliberate indifference.  Nor does the complaint request specific injunctive relief from a proper defendant

1   sued in his or her official capacity.

2        To the extent plaintiff intends to impose liability against any defendant based on the

3   processing of any administrative appeal, he fails to state a claim.  There are no constitutional

4   requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d

5   850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the

6   processing of his appeals does not violate due process because prisoners lack a separate

7   constitutional entitlement to a specific prison grievance system).

8        Should plaintiff choose to file an amended complaint, the amended complaint shall

9   clearly set forth the claims and allegations against each defendant.   It must also allege a

10  cognizable legal theory against a proper defendant and sufficient facts in support of that

11  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

12  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

13  their complaints).

14        Additionally, any amended complaint must be written or typed so that it is complete in

15  itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

16  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

17  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

18  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

19  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

20  1967)).

21        Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

22  amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

23  complaints).

24        Accordingly, IT IS HEREBY ORDERED that:

25        1.  Plaintiff's request to proceed *in forma pauperis* is granted.

26  ////

6

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in dismissal of this action.

Dated:  March 4, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE