IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,

vs.

AQUINO, et al.,

    Defendants.

No. 2:12-cv-2406 EFB P

ORDER DISMISSING ACTION
FOR FAILURE TO STATE A CLAIM

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than 2 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause 3 of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, 4 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory 5 statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility. 7 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual 8 content that allows the court to draw the reasonable inference that the defendant is liable for the 9 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a 10 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.* 11 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to 12 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal 14 Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain 15 statement of the claim showing that the pleader is entitled to relief, in order to give the defendant 16 fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 17 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18    In the amended complaint, plaintiff alleges he is disabled because of a 2002 fracture to 19 his foot, which requires a cane and an air cast. Plaintiff also claims to need a back brace and a 20 hearing aid. According to the allegations in the complaint, plaintiff needs a chair and waist 21 chains to shower. He claims that defendants Aquino and Rainey discriminated against him 22 because of his disability because whenever they worked in the segregation unit, they provided 23 showers to non-disabled inmates, but not to plaintiff. Plaintiff requests damages, unspecified 24 injunctive relief, and a prohibition on retaliation. He claims defendants' actions amounted to 25 cruel and unusual punishment and violated the Americans with Disabilities Act (ADA). Dckt. 26 No. 9.

In dismissing the original complaint with leave to amend, the court identified the deficiencies in plaintiff's allegations and informed plaintiff of the requirements for stating claims pursuant to the Eighth Amendment and the ADA. Despite notice of the original complaint's deficiencies, plaintiff again fails to state a cognizable claim in his amended complaint.

In dismissing plaintiff's original complaint with leave to amend, the court informed plaintiff of the following:

> The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To succeed on such a claim, a prisoner must show that (1) the defendant's conduct deprived him of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.

Dckt. No. 6. In his amended complaint, plaintiff fails to plead enough facts to state a claim for relief against defendants Aquino and Rainey for violating his Eighth Amendment rights. Plaintiff fails to allege any facts regarding how long he was in the segregation unit, how many times defendants denied him a shower, or the duration of time between his showers. The bare facts alleged by plaintiff do not demonstrate that he experienced conditions that were "inhumane" or that he suffered a deprivation that was "extreme." Moreover, plaintiff fails to plead any facts demonstrating that defendants acted with deliberate indifference. Though plaintiff claims defendants did not shower him "because of" his disability, plaintiff fails to allege facts showing that defendants knew that their actions exposed plaintiff to a substantial risk of serious harm, and no such risk is obvious from plaintiff's allegations. Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable

3

1 Eighth Amendment claim.

2 The court's original screening order also informed plaintiff that:

> . . . to state a claim that a public program or service violated Title II of the Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities).   Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Here, the complaint does not include facts demonstrating that any defendant acted with deliberate indifference.  Nor does the complaint request specific injunctive relief from a proper defendant sued in his or her official capacity.

Dckt. No. 6. As noted, plaintiff again fails to plead facts demonstrating that either defendant acted with deliberate indifference. Therefore, plaintiff fails to state a claim for under the ADA.[1]

Despite notice of the complaint's' deficiencies and an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, this action is dismissed without leave to amend pursuant to 28 U.S.C. § 1915A. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (courts should provide a pro se plaintiff with an opportunity to amend after notifying the plaintiff of defects in the complaint); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

////

---

[1] In addition, plaintiff again fails to include a request for injunctive relief that is "narrowly drawn." *See* 18 U.S.C. §3626(a)(1)(A). Plaintiff's very general request for an injunction would not remedy the alleged violation of his rights. Thus, plaintiff also fails to demonstrate that injunctive relief is appropriate under the ADA.

1  Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without leave
2 to amend for failure to state a claim and the Clerk of the Court shall close this case.
3 Dated: July 9, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE